MAUGA S. P. of Pago Pago, SIPOPO A. LAGO
of Aoa, Plaintiffs

v.

**SOLIAI P. of Nu'uuli, Defendant**

No. 3-1954*

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Fatumafuti" in Fatumafuti]

January 28, 1954

---

* See, also, No. 1-1954 entitled *Iosia v. Heirs of Lemeanai Family*, on page 482.

ARTHUR A. MORROW, *Chief Judge;* MALEPEAI, *Associate Judge;* APE, *Associate Judge.*

## OPINION AND DECREE

Heard before MORROW, *Chief Judge* and MALEPEAI and APE, *Associate Judges,* at Fagatogo on January 11, 1954.

Leota, counsel for Mauga S. P.

Soliai *pro se.*

## OPINION OF THE COURT

MORROW, *Chief Judge.*

On July 7, 1952 Soliai of Nu'uuli filed his application with the Registrar of Titles to have certain land described in the application as Fatumafuti in the village of Fatumafuti registered as his individually owned land. The application was accompanied by a survey of the tract. Sipopo A. Logo of Aoa filed an objection to the proposed registration on August 29, 1952 claiming that Fatumafuti was the individually owned property of Mauga Taufaasau and his heirs. This objection was withdrawn on December 31, 1953 and Sipopo ceased to be a party to the proceedings. Mauga S. P. of Pago Pago filed an objection to the proposed registration on the 17th of July 1952 claiming that the land was the communal family land of the Mauga Family.

The undisputed evidence showed that Mauga borrowed $300.00 from Soliai in June 1946 and to secure the payment of the same executed a mortgage to Soliai on the land offered for registration. Later Soliai loaned Mauga an additional $20.00. On February 15, 1951, the $320.00 being long overdue, Mauga deeded the land to Soliai. This deed came before the Land Commission for consideration (see Sec. 1281 of the A. S. Code) and was later sent to the Governor who endorsed on a paper attached thereto the fol-

109

lowing: "April 25, 1951. The foregoing lease is hereby disapproved. /s/ Phelps Phelps, Governor of American Samoa." It is obvious that the disapproval of the document describing it as a lease by the then Governor was not an approval of it as a deed. The instrument was never approved by a Governor.

Shortly after the mortgage was executed, Soliai entered upon and took possession of the land with Mauga's permission. Soliai's aigas have occupied the property under his authority ever since. He has built two Samoan houses on it, improved some of its old plantations, and put in some new plantations. There is evidence that he cut down a few trees, but we do not believe that such act constituted the clearing of any of the land from the bush.

There is an adjoining piece of land owned by the Savea Family on which Soliai and some others put a reservoir from which water is piped to the two houses occupied by Soliai's aiga as well as houses on land outside the area offered for registration. Soliai testified that the reservoir belonged to him. Whether it does or does not is immaterial in this case since it is not on Fatumafuti, or attached thereto so as to become a part or parcel of the real estate. Before the land was deeded by Mauga to Soliai, Soliai had it surveyed, Mauga being present and approving. Soliai paid $37.50 to the surveyor for the work.

Soliai testified that Mauga told him before the mortgage was made and also before the deed was made that it was his (Mauga's) individually owned land. Mauga testified that he told him that it was the communal family land of the Mauga Family. It was very clear from the evidence that the Mauga Family as such never approved the mortgage and also never approved the deed. Members of the Mauga Family objected to both instruments claiming that Mauga had no authority to execute them and that the property was the communal family land of the Mauga title and not

the individually owned land of Mauga. Before the $300.00 was loaned and the mortgage executed, Soliai talked the matter of the mortgage over with four lesser matais in the Mauga Family, namely Mailo, Pulu, Teo and Fesagaiga. Whether these four lesser matais approved or disapproved of the mortgage is not clear from the evidence and in the view we take of the case is immaterial.

The land Fatumafuti was the subject matter of litigation in the case of *Sagaina and Tufaina v. Mauga Moemoe and Mauga Taufaasau and Savea* (interpleader), H.C. of Am. Samoa, No. 11-1908. In its decision in that case the Court said "Let a decree issue vesting the title to the land in controversy (that is Fatumafuti) in the name of Mauga. . . ." Soliai claims that Mauga told him of this court decision and that he (Soliai) construed it to mean that whoever held the Mauga title for the time being was the individual owner of the land. In a case in District Court No. 1, heard on May 19, 1936, between *Mauga of Pago Pago v. Suaese of Fatumafuti*, the Court ordered, adjudged, and decreed "1. That the title of all the land Fatamafuti is in the name Mauga. . . ." It is very clear to us from these decisions that the land is not the individually owned land of the holder of the title Mauga for the time being, but that the decrees mean that the land is the communal family land of the Mauga title. If Soliai ever read the decree in No. 11-1908 above referred to, he apparently missed the five lines in the opinion immediately preceding the decree which five lines read as follows: "Inasmuch as the Mauga Family has shown the greater amount of use and cultivation of this land, the Court will decree them to be the absolute owners of the land, on condition that they pay a reasonable sum to Sagaina and Tufaina for their interests." It is obvious to us from the language used in the decision itself "Let a decree issue vesting the title to the land in controversy in the name of Mauga" that the land is

communal family land. And it is doubly clear to us from the five lines of the opinion just preceding the last quotation that the land is the communal family land of the Mauga title. Otherwise the Court would not have said "the Court will decree them (meaning the Mauga Family) to be the absolute owners of the land."

As far as the mortgage is concerned it is clear to us from the fact that Mauga gave a deed to Soliai to Fatumafuti on February 15, 1951, that both Soliai and Mauga abandoned the mortgage made in 1946 and attempted to settle the debt secured by the mortgage plus the additional $20.00 by Mauga's giving the deed. While the matai of a Samoan family has certain control over family lands and is a sort of a trustee with respect to the same, nevertheless, it is the clan, the family, that owns the land, not the matai. The matai can not mortgage it or deed it away without the consent of the family. And it is very clear to us that there was no such consent with respect to either the mortgage or the deed even if the four lesser matais of the family, namely Mailo, Fesagaiga, Pulu and Teo consented to the mortgage. These four lesser matais do not constitute the Mauga Family. They are only part of it.

The money borrowed from Soliai by Mauga was not borrowed by the Family. It was Mauga's own individual debt. And the matai can not mortgage communal family land to secure his own individual debt any more than the president of a bank could give a mortgage on the bank's assets to secure his own personal debt. Such a mortgage would be a nullity and that is precisely the effect of the mortgage in this case. A can not mortgage B's property to secure A's individual debt without B's consent. Whether Mauga told Soliai that Fatumafuti was his individually owned property or the communal family land of the Mauga Family makes no difference. It was communal land

of the Mauga Family and Mauga had no authority to give the mortgage without the approval of the Family and there was no such approval. We can put the mortgage to one side.

With respect to the deed, Mauga could not convey family land to Soliai without the approval of the Family, and in addition, without the approval of the Governor. And there was no approval by the Family or by the Governor of the February 15, 1951 deed. Section 1282 of the Code reads in part "Alienation of lands in American Samoa is prohibited except under the following conditions and restrictions. It is prohibited for any matai of a Samoan family who is, as such, in control of the communal family lands or any part thereof, to alienate such family lands or any part thereof to any person without the written approval of the Governor of American Samoa." Even if the Family had given its consent to the deed, as long as the Governor did not approve the deed, and he did not, the deed was a nullity and no title passed to Soliai as the result of it. It is clear to us from the decree of the Court in abovementioned No. 11-1908 and the decree of District Court No. 1 in 1936 that Fatumafuti is the communal family land of the Mauga Family and not the individually owned land of Mauga Palepoi or any other holder of the Mauga title for the time being. It follows from what we have said that title to this land did not pass to Soliai P. and that he is not the owner thereof. Therefore the land cannot be registered in his name.

However, in accordance with the doctrine of such prior decisions of this Court as *Heirs of Lemeanai Family v. Iosia*, H.C. of Am. Samoa, No. 20-1953, and *Sa-Lemeanai Family & Leasiolagai v. Tomasi & Tulei*, H.C. of Am. Samoa, No. 22-1951, since Soliai did enter upon the land with the consent of the matai and with the knowledge of the Family, put up houses on it, put in some new planta-

113

tions, and improved old plantations, he has a right to retain possession of it for sometime to compensate him for the improvements thereon. He did not enter upon the land unknown to the Mauga people, but as the result of the act of their matai and they must assume some responsibility for their matai's action even though he did not have authority to do what he did.

Mauga claims that he has offered many times to repay Soliai the $320.00 which he borrowed from him and that Soliai always refused to take the money. Soliai denies this. Whether Mauga offered to repay it or not, the fact still remains that it has not been repaid. Mauga, as a private individual and not as a matai of the Mauga Family, still owes the money, and Soliai is entitled to recover it from Mauga on his counterclaim.

Due to want of care on Soliai's part he did not have any counsel when the case came on for hearing on January 4, 1954. He asked for a continuance which the Court granted on condition that he pay $25.00 of the costs regardless of what the ultimate decision should be.

In accordance with the foregoing, the Court decrees as follows:

### DECREE

It is ORDERED, ADJUDGED and DECREED that the application of Soliai P. of Nu'uuli to have the land Fatumafuti (as shown in the survey accompanying the application to register the same) registered as his individually owned property be and the same is hereby denied; and the land Fatumafuti as shown on the survey shall be and it is hereby ordered to be registered as the communal family land of the Mauga Family. And it is further adjudged that Mauga shall pay to Soliai $320.00 within six months; that Mauga shall also pay in addition to Soliai $37.50 to reimburse Soliai for the survey, the benefit of which has accrued to the Mauga Family as the result of this decree.

Soliai shall have the right for himself and his aiga to continue to possess, occupy and use the said land offered for registration for 18 months from the date of this decree, at the expiration of which time he shall surrender possession of the land to the Mauga Family taking with him the Samoan houses which he has erected thereon, if he so desires, and leaving the plantations which he has put in or maintained on the said land in an unharmed condition.

Costs in the sum of $25.00 are hereby assessed against Soliai, the same to be paid within 30 days.